NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CLINTON C. BARLOW, As Next Friend of Rashee Barlow, | : : : : | **Hon. Stanley R. Chesler** |
| Petitioner, | : : | Civil No. 06-0822 (SRC) |
| v. | : : | **O P I N I O N** |
| ZULIMA FARBER, etc., et al., | : : |  |
| Respondents. | : : |  |

**APPEARANCES**:

    CLINTON C. BARLOW, As Next Friend
    of Rashee Barlow
    3287 Shetland Road West
    Jacksonville, Florida 32277

**CHESLER**, District Judge

    Clinton C. Barlow filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on behalf of his nephew, Rashee Barlow, who is incarcerated at Mercer County Detention Center in New Jersey. For the reasons set forth below, the Court dismisses the Petition without prejudice for lack of jurisdiction.

## I.  BACKGROUND

    Clinton C. Barlow filed a Petition under 28 U.S.C. § 2241 on behalf of his nephew, Rashee Barlow, against the Attorney General of the State of New Jersey, Mercer County Prosecutor, the Public Defender for Mercer County, and the Warden of the Mercer County

Detention Center.  Petitioner asserts that on or about November 10, 2005, Rashee Barlow was indicted for robbery in Mercer County New Jersey.  According to the government's records, Petitioner was born on September 2, 1987, and turned 18 on September 2, 2005.  However, Petitioner asserts that Rashee Barlow was actually born in 1989, and that he is therefore a minor.  The Petition asserts four grounds:

> Ground One:  MINOR RASHEE BARLOW IS UNCONSTITUTIONAL[LY] BEING CHARGED AS AN ADULT, HE'S STILL A MINOR 17 YRS. OLD.
>
> Ground Two:  P.D. ATTORNEY FRANK TROSKI, ESQ., FAILED TO HAVE MINOR INMATE TRANSFERR[ED] TO A YOUTH HOUSE DETENTION CENTER, FOR MINOR OFFENDERS.
>
> Ground Three:  ON DATE OF FEB. __, 2006, N.J. MERCER COUNTY CORRECTION WARDEN FAILED TO HONOR OUR REQUESTS TO REMOVE MINOR FROM ADULT JAIL.
>
> Ground Four:  MERCER COUNTY CORRECTION WARDEN AND HER STAFF FAILED TO INVESTIGATE MATTER AND FAILED TO RESPOND BACK TO ME UNCLE.

(Pet. ¶ 10.)

Petitioner seeks an order directing Respondents to transfer Rashee Barlow to a juvenile detention center and to remand the criminal case against Rashee Barlow to the juvenile court.

## II.  DISCUSSION

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition is required to specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, and

2

be signed under penalty of perjury.  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
> . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless–
> . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

Jurisdiction to issue a writ of habeas corpus before a judgment of conviction is rendered in a state criminal proceeding lies under 28 U.S.C. § 2241(c)(3).  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975); Triano v. Superior Court of New Jersey, Law Div., 393 F. Supp. 1061, 1065 (D.N.J. 1975), aff'd 523 F.2d 1052 (3d Cir. 1975) (table).  "It is well established, however, that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."  Whitmore v. Arkansas, 495

3

U.S. 149, 154 (1990).  "Where standing is lacking, the federal courts lack the power to grant habeas relief."  Zettlemoyer v. Horn, 53 F.3d 24, 26 (3d Cir. 1995).  This is because Article III of the United States Constitution limits the jurisdiction of federal courts to "cases and controversies."  U.S. Const. art. III, § 2.

A litigant must set forth facts in the complaint or petition which demonstrate standing under Art. III.  Whitmore, 495 U.S. at 155.  To establish standing under Art. III, a person must allege facts showing that he or she has suffered an "injury in fact," which is concrete as opposed to abstract, and actual or imminent as opposed to conjectural or hypothetical.  Id.  "Further, the litigant must satisfy the causation and redressability prongs of the Art. III minima by showing that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision."  Id. (citations and internal quotation marks omitted).  As the Court emphasized in Singleton v. Wulff, 428 U.S. 106, 113-14 (1976),

> Federal courts must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation.  The reasons are two.  First, the courts should not adjudicate such rights unnecessarily, and it may be that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not.  See Ashwander v. TVA, 297 U.S. 288, 345-348, 56 S.Ct. 466, 482-83, 80 L.Ed. 688 (1936) (Brandeis, J., concurring) (offering the standing requirement as one means by which courts avoid unnecessary constitutional adjudications).  Second, third parties themselves usually will be the best proponents of their own rights.

Clinton Barlow filed this action on behalf of his nephew, Rashee Barlow.  Clinton Barlow does not have standing in his own right to file a petition for a writ of habeas corpus on behalf of his nephew because "a close personal relationship is neither necessary nor sufficient for third

4

party standing."  Amato v. Wilentz, 952 F.2d 742, 751 (3d Cir. 1991).[1]  Moreover, "an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court."  Whitmore, 495 U.S. at 160 (quoting Allen v. Wright, 468 U.S. 737, 754 (1984)).

In 1948, Congress amended the habeas corpus statutes to allow a "next friend" or person "acting in behalf" of a prisoner to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  See 28 U.S.C. § 2242; 1 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 8.3 (4th ed. 2001).  Section 2242 provides in relevant part:

> Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.

28 U.S.C. § 2242.

"A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest."  Whitmore, 495 U.S. at 163.  However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another."  Id. at 163.  "[O]ne necessary condition for 'next friend' standing in federal court is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to

---

[1] See also, e.g., Diamond v. Charles, 476 U.S. 54, 67 (1986) (father lacks standing to challenge abortion law on behalf of his daughter where he has not alleged "either that his daughter is currently a minor or that she is otherwise incapable of asserting her own rights"); Gilmore v. Utah, 429 U.S. 1012 (1976) (mother of convicted murderer does not have standing to seek stay of his execution); Gardner ex rel. Gardner v. Parson, 874 F.2d 131, 143 (3d Cir. 1989) (grandmother of developmentally disabled teenager lacks standing to assert claims against government officials for failing to properly review granddaughter's foster care placement and to adequately investigate allegations that granddaughter was abused while in foster care).

mental incapacity, lack of access to court, or other similar disability." Whitmore, 495 U.S. at 165.[2]  The burden is on the "next friend" to "establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164.  The litigant must clearly and specifically set forth facts sufficient to satisfy the Art. III standing requirements because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." Id. at 155-156.  Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) (cited with approval in Whitmore, 495 U.S. at 163).

     Here, the documents filed by Clinton Barlow do not show that he has standing to proceed as next friend of Rashee Barlow.  Nothing contained in the submissions demonstrates that Rashee Barlow "is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." Whitmore, 495 U.S. at 165.  The Court accordingly lacks jurisdiction to entertain the application of Clinton Barlow as next friend of Rashee Barlow.  The Court is constrained to dismiss the Petition without prejudice for lack of jurisdiction.  Rashee Barlow is free to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241 himself or Clinton Barlow may file another petition in his behalf which establishes, among other things, that Rashee Barlow is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability.  However, the Court emphasizes that "federal habeas corpus

---

    [2] It has also been suggested that the "next friend" must be "truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate" and that she "must have some significant relationship with the real party in interest." Whitmore, 495 U.S. at 163-164.

does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489 (quoting Ex parte Royall, 117 U.S. 241, 253 (1886)).  The proper procedure is generally to exhaust constitutional claims before the state courts and to present them to this Court in a petition under 28 U.S.C. § 2254 after the claims have been exhausted.  See Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975) (§ 2241 petitioners are not statutorily required to exhaust state court remedies, but "an exhaustion requirement has developed through decisional law, applying principles of federalism").

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice for lack of jurisdiction.

                                s/
                        **STANLEY R. CHESLER, U.S.D.J.**

Dated:  March 29, 2006